## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LIQUID HOLDINGS GROUP, INC., *et al.*, | ) Case No. 16-10202 (KG) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 trustee, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. Pro. No. 17-50662 (KG) |
| | ) |
| BRIAN FERDINAND, BRIAN M. STORMS, RICHARD SCHAEFFER, KENNETH D. SHIFRIN, FERDINAND HOLDINGS LLC, LT WORLD LIMITED, LLC, ROBERT KELLER, CMK HOLDINGS, LLC, SCHAEFFER HOLDINGS, LLC and SHAF HOLDINGS, LLC | ) |
| | ) |
| Defendants. | ) **Re: D.I. Nos. 167, 182, 184 & 186** |

### MEMORANDUM OPINION

On June 6, 2018, the Court issued an Opinion[1] and Order addressing Defendants' motions to dismiss. The Court dismissed a number of counts and defendants named in the original Complaint. Thereafter, based on Defendants' motions for reconsideration

---

[1] The Opinion is published at 2018 WL 2759301 (Bankr. D. Del. 2018). The Court will cite the published Opinion. In addition, the Court will utilize the defined terms from the Opinion and will provide a glossary. Although the Trustee has demanded a jury trial and none of the parties have consented to the Court's entry of final orders or judgements, in deciding motions to dismiss the Court is not required to state findings of fact and conclusions of law. Fed. R. Bankr. P. 7052 and Fed. R. Civ. P. 52(a)(3).

(the "Reconsideration Motions"), the Court entered a Memorandum Order on September 4, 2018 (the "Reconsideration Order") (D.I. 157). The Reconsideration Motions addressed only the standing issue and the Court agreed with many arguments Defendants had made. The Trustee thereafter amended the Complaint (D.I. 167) which he then corrected, i.e., the Corrected First Amended Complaint (the "Amended Complaint" or the "Am. Cplt."). The Defendants have filed three separate motions to dismiss the Amended Complaint (the "Motions") (D.I. Nos. 182, 184 and 186) which the Court now addresses.

## JURISDICTION

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 and 1334. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The adversary proceeding is core under 28 U.S.C. § 157(b).

## LEGAL STANDARD

The Court will not repeat what it wrote in the Opinion on the legal standard for motions to dismiss. The pertinent cases which address the applicable standard are *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677079 (2009). These Supreme Court decisions make it clear that to survive a motion to dismiss a plaintiff cannot merely recite elements of a cause of action. A complaint must contain plausible facts which state a claim. *See also Fowler v. UPMC Shadyside*, 578 F. 3d, 203, 210-11 (3d. Cir. 2009) (emphasis on alleging sufficient facts to show that plaintiff has a plausible claim for relief).

Claims of fraud, which includes fraudulent transfer claims based on actual fraud, must also satisfy the pleading requirements of Rule 9(b) of the Federal Rules of Civil

2

Procedure. *DHC Liquidation Trust v Nucor Corp. (In re Oakwood Homes Corp.)*, 325 B.R. 696, 698 (Bankr. D. Del. 2005). The Rule 9(b) pleading requirement means that a plaintiff must do more than simply identify the transfers alleged to be fraudulent. *Burtch v. Houston (In re USDigital, Inc.)*, 443 B.R. 22, 34 (D. Del 2011). However, when the plaintiff is a bankruptcy trustee courts should liberally apply Rule 9(b). *In re Fedders N.Am., Inc.*, 405 B.R. 527, 544 (Bankr. D. Del. 2009).

## FACTS

The asserted facts from the original Complaint which the Trustee drafted and upon which the Court relied in the Opinion are incorporated here. The Court will therefore refer only to newly asserted facts in the Amended Complaint. The Trustee raises *very* few new facts in the Amended Complaint.

The Court dismissed Counts Six and Eight of the Complaint (Avoidance of Transfers Under 6 Del. C. § 1304(a)(1) and Code Section 544) on the ground that the Trustee failed to provide plausible facts showing that there was "a creditor holding an allowable unsecured claim on the petition date "and that such a creditor" could have asserted a fraudulent transfer claim" had there been no bankruptcy case. Reconsideration Order, pages 3-4.

For the Sixth Claim, Avoidance of Transfers, incorporated into the Eighth Claim, Recovery of Transfers under 11 U.S.C. §550, the Trustee added ten paragraphs (Am. Cplt. ¶¶ 262 through 271) beneath the following paragraph:

> 261. As of the Petition Date, Liquid had numerous general unsecured creditors holding allowable claims who, but for the Debtors' bankruptcy filing, would have standing to bring claims to avoid and recover the

3

Transfers under 6 Del. Code 1304(a)(1). Ten such creditors are identified below in paragraphs 262 through 271.

Following the paragraphs naming the ten "trigger" creditors, [2] (Am. Cplt. ¶¶ 262-271) the Trustee added these paragraphs:

> 274. The Founders engaged in and consummated the Transfers with Liquid as part of a pre-planned scheme in which the Founders would unload their unprofitable and non-viable businesses at grossly inflated prices, consolidate those businesses under the Liquid umbrella, and cash out through an IPO before the true state of Liquid's affairs become known to the public.
>
> 275. This scheme depended in part upon portraying Liquid as a growing and sustainable business when, as the Founders knew (since they had been the owners of the predecessor entities that became Liquid), it was not.
>
> 276. Due to the nature of the scheme and the inevitable scrutiny associated with maintaining a public company – including from securities regulators, investors, and public accounting standards – it was entirely foreseeable at the time the Transfers were made that the scheme would eventually collapse, leaving behind a trail of unpaid creditors. Indeed, this was not only foreseeable, but inevitable; the only question was when would the collapse occur.
>
> 277. The general unsecured creditors of Liquid, including but not limited to those specifically identified above, were thus foreseeable creditors at the time the Transfers took place.

Questions to be answered are: (1) are these allegations conclusions of law or alleged facts and (2) are they enough to defeat the Motions? The real question, however, is whether the Court should analyze the entirety of the Amended Complaint in the context of the Motions to dismiss and cognizant of the standards on motions to dismiss,

---

[2] The named creditors are CIT Finance LLC; Deutsche Boerse AG; IPC Networks, Inc.; Level 3 Communications, LLC; Options Price Reporting Authority LLC; OsloBorsasa; Park Strategies, LLC; Thomson Reuters Company; The Vintage Group, Inc.; and ZUORO, Inc. It appears that the Trustee took the names from the schedules filed in the Chapter 11 cases.

or address just the amendments. In the Motions, Defendants ask the Court to re-analyze the entire Amended Complaint and not just the amendments. If it were to do so, the Court would revisit the Trustee's substantive claims giving rise to the Sixth Claim and Eighth Claim.

## DISCUSSION

The Trustee seeks to reinstate the state law claims for actual fraudulent transfer. He is attempting to use the strong arm power under 11 U.S.C. § 544(b) (Sixth Claim) and to recover avoided transfers pursuant to 11 U.S.C. § 550 (Eighth Claim).

### Standing

All Defendants argue that the Amended Complaint does not allege that the ten listed creditors (Am. Cplt. §§ 262-271) were existing or foreseeable creditors when the alleged wrongdoing, i.e., the transfers, occurred. They argue that the application of fraudulent transfer law requires that for a creditor to have standing under Section 544, "the same creditor that has an allowed unsecured claim on the Petition Date must also have been a creditor of the transferor on the Transfer Date." *Silverman v. Sound Around, Inc. (In re Allou Distributors, Inc.)*, 392 B.R. 24, 34 (Bankr. E.D.N.Y. 2008). In other words, Defendants argue that the same creditor must hold its claim at both the time of the alleged fraudulent transfer and at the time that the petition for bankruptcy was filed. *Cohen v. Sikirica*, 487 B.R. 615, 628 (W.D. Pa. 2013) ("Instead, all that is required is that the same creditor hold a claim at the time of the alleged fraudulent transfer and at the time the Complaint was filed."). The Amended Complaint very clearly does not aver that any one of the ten creditors was a creditor at the time that the transactions complained of

5

occurred. Further, Defendants argue that it is only creditors with debts in contemplation at the time of a transfer who have standing. *U.S. Nat. Bank of Omaha V. Rupe,* 296 N.W.2d 474, 476 (Neb. 1980).

The Trustee counters that he has met the test which the Court prescribed in the Reconsideration Order. He has identified in the Amended Complaint ten creditors holding an allowable unsecured claim on the Petition Date and creditors who could assert a fraudulent transfer claim if there were no bankruptcy. The Trustee asserts that the Amended Complaint satisfies the legal requirement and, as well, satisfies what the Court held was required in the Reconsideration Order.

The Court is now convinced that the Trustee in the Amended Complaint has satisfied the standing requirement. It is true that the Trustee failed to allege that the ten identified creditors were creditors not only on the Petition Date, but were also creditors on the dates of the transfers at issue. The Trustee, however, relies upon language in 6 *Del. C.* §1304(a) that allows claims for actual fraudulent transfer "whether the creditor's claim arose before or after the transfer was made, "and "[w]ith actual intent to hinder, delay or defraud any creditor of the debtor. … 6 *Del. C.* §1304(a)(1).

The Court finds that the Trustee has satisfied the requirements to establish standing to bring the claims. Delaware's Uniform Fraudulent Transfer Act provides that standing is established "whether the creditor's claim arose before or after the transfer was made or the obligation was incurred" and where there was "actual intent to hinder, delay or defraud any creditor of the debtor. …" 6 *Del. C.* §1304(a) and (a)(1). The statutory language makes it clear to the Court that the Amended Complaint identifies creditors

who held allowable claims as of the Petition Date and alleges that those creditors could have brought actual fraudulent transfer claims under Delaware law had there been no bankruptcy case. *Compare In re Sandburg Mall Realty Mgmt. LLC*, 563 B.R. 875, 897 (Bankr. C.D. Ill. 2017) (applying Illinois UFTA, held it was necessary "only to identify a creditor who held an unsecured claim as of the petition date.") The Defendants also argue that foreseeability is required under Section 544. That is, future creditors' claims must have been foreseeable when the transfers were made. They cite several Pennsylvania cases to support their argument. The Court finds that Delaware law does not impose a requirement of foreseeability and neither does the Bankruptcy Code. Also, the Trustee did plead foreseeability. Am. Cplt. ¶¶276-277[3]. The facts the Trustee alleges involving, for example, the acquisitions, are facts which make the claim of foreseeability plausible.

### Fraud

### Keller Defendants

The Keller Defendants argue that the Trustee failed to plead badges of fraud with particularity. Therefore, the Trustee did not allege with the necessary specificity his fraud claims. The Trustee argues that "on the merits" of his claims of actual fraudulent transfer

---

[3] Paragraph 276:
    Due to the nature of the scheme and the inevitable scrutiny associated with maintaining a public company – including from securities regulators, investors, and public accounting standards – it was entirely foreseeable at the time the Transfers were made that the scheme would eventually collapse, leaving behind a trail of unpaid creditors. Indeed, this was not only foreseeable, but inevitable; the only question was when would the collapse occur.
Paragraph 277:
    The general unsecured creditors of Liquid, including but not limited to those specifically identified above, were thus foreseeable creditors at the time the Transfers took place.

7

against the Keller Defendants, the Court has already ruled and that the ruling upholding the claims remains. The Trustee points out that in their motion for reconsideration the Keller Defendants did not challenge the Trustee's allegations of actual fraudulent intent and that in its Reconsideration Order the Court did not reevaluate its holding in the Opinion that the Trustee adequately pleaded the badges of fraud regarding the transfers.

The Court agrees with the Trustee that its prior ruling on the survivability of the fraud claims stands. It is, of course, possible that the further development of the facts through discovery will cause the Court to reevaluate its holding. This, however, is not the proper occasion for another look. Accordingly, the Sixth Claim and the Eighth Claims survive the Keller Defendants' motion to dismiss.

### Schaeffer Defendants

The Schaeffer Defendants raise principally the same reasons for dismissal as did the Keller Defendants. They argue that the Trustee's Amended Complaint does not name a "triggering creditor" and does not adequately allege fraudulent intent. The Court addressed and rejected those arguments in response to the Keller Defendants' motion to dismiss and the Court rejects the Schaeffer Defendants' arguments for the same reasons.

### Ferdinand Defendants

The Ferdinand Defendants also raise the same arguments in support of their motion to dismiss as the Keller Defendants and the Schaeffer Defendants. The Court will deny their motion to dismiss for the same reasons.

## CONCLUSION

The Court finds that the Motions do not establish grounds for dismissing the Amended Complaint. Accordingly, the Court will deny the Motions.

Dated: July 25, 2019

_____
KEVIN GROSS, U.S.B.J.

# Giuliano v. Ferdinand

## Glossary

| | |
|---|---|
| Trustee | Alfred T. Giuliano, Chapter 7 Trustee |
| Defendants | BRIAN FERDINAND, BRIAN M. STORMS, RICHARD SCHAEFFER, KENNETH D. SHIFRIN, FERDINAND HOLDINGS LLC, LT WORLD LIMITED, LLC, ROBERT KELLER, CMK HOLDINGS, LLC, SCHAEFFER HOLDINGS, LLC and SHAF HOLDINGS, LLC, |
| Keller Defendants | Robert Keller and CMK Holdings LLC |
| Ferdinand Defendants | Brian Ferdinand, Ferdinand Holdings LLC and LT World Limited, LLC |
| Schaeffer Defendants | Richard Schaeffer, Schaeffer Holdings, LLC And Shaf Holdings, LLC |
| Opinion | Court's Opinion, dated June 6, 2018 On motions to dismiss |
| Order | Order dated June 6, 2018, on the Opinion Memorandum |
| Reconsideration Order | Order dated September 4, 2019 |
| Amended Complaint | Trustee's First Amended Complaint after Correction |
| Motions | Motions to Dismiss the Amended Complaint |
| Petition Date | January 27, 2016 |