## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| LIQUID HOLDINGS GROUP, INC., *et al.*,[1] | Case No. 16-10202 (KG) |
| Debtors. | |
| — | |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee for the jointly administered Chapter 7 bankruptcy estates of Liquid Holdings Group, Inc. and Liquid Prime Holdings, LLC, | Adv. Pro. No. 17-50662 (KG) |
| Plaintiff, | |
| v. | |
| BRIAN FERDINAND, BRIAN M. STORMS, RICHARD SCHAEFFER, KENNETH D. SHIFRIN, FERDINAND HOLDINGS LLC, LT WORLD LIMITED, LLC, ROBERT KELLER, CMK HOLDINGS, LLC, SCHAEFFER HOLDINGS, LLC, and SHAF HOLDINGS, LLC., | **Re: Adv. Docket No. 206** |
| Defendants. | |

**ORDER PURSUANT TO FED. R. BANKR. P. 9019 (I) APPROVING SETTLEMENT BY AND AMONG TRUSTEE, DEFENDANTS AND RELATED PARTIES, AND (II) GRANTING RELATED RELIEF**

Upon consideration of the Motion of the Chapter 7 Trustee for an Order Pursuant to Fed. R. Bankr. P. 9019 (I) Approving Settlement By and Among Trustee, Defendants and Related Parties., and (II) Granting Related Relief (the "Motion"),[2] and the Court having reviewed the Motion and the Settlement Agreement attached thereto as Exhibit A; and the Court finding that:

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Liquid Holdings Group, Inc. (2142) and Liquid Prime Holdings, LLC (2135).

[2] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to the in the Motion.

(a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334; (b) notice of the Motion, and any hearing thereon, was adequate under the circumstances; and (c) all persons with standing have been afforded the opportunity to be heard on the Motion,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Motion is granted as set forth herein.

2. The Settlement Agreement is hereby approved.

3. The Trustee is hereby authorized to take all actions necessary or desirable to effectuate the Settlement Agreement.

4. To the extent any prior Orders of this Court could be deemed to limit the Insurers from making any payments in furtherance of the Settlement Agreement, such Orders are hereby modified to permit the payment of $4,062,500 to the Trustee contemplated by the Settlement Agreement (the "Settlement Payment").

5. Upon the Trustee's receipt of the Settlement Payment, any Orders of this Court restricting the Insurers' ability to make any other payments under the Policies, including, without limitation, defense costs, are hereby deemed vacated and, to the extent applicable, the automatic stay is lifted to permit the Insurers to make any other payments or advances they deem necessary or appropriate under the Policies.

6. The Insurers are permitted to follow the express terms of their respective Policies by advancing defense costs and insured inquiry costs incurred or that may be incurred in the future by the Defendants (subject to the terms and conditions of, and subject to the coverage limits set forth in the Policies), and by making settlement payments as reasonable and necessary to settle claims (as that term is defined in the Policies). Nothing in this Order shall modify or alter the contractual rights and obligations provided for under the terms and provisions of the Policies.

7. The Court shall retain jurisdiction to (i) enforce and implement the terms and provisions of the Settlement Agreement, and (ii) resolve any disputes arising under or in connection with the Settlement Agreement and any related documents. Furthermore, the Court shall retain jurisdiction to interpret, implement, and enforce the provisions of this Order.

**Dated: October 3rd, 2019**
**Wilmington, Delaware**

**KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**

3